# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLES BRIDGES, | : Civil No. 1:17-CV-02285 |
| Plaintiff, | : |
| v. | : |
| | : Judge Jennifer P. Wilson |
| ANDREW M. SAUL,[1] | : |
| Commissioner of Social Security, | : |
| Defendant. | : Magistrate Judge Joseph F. Saporito, Jr. |

## MEMORANDUM

This is an employment discrimination case brought by an administrative law judge ("ALJ") to challenge promotion and hiring decisions made by the United States Social Security Administration ("the agency"). Pending before the court are Defendant's motion to dismiss and/or for summary judgment, Plaintiff's motion for partial summary judgment, a report and recommendation from United States Magistrate Judge Joseph F. Saporito, Jr. addressing both motions, and both parties' objections to the report and recommendation. (Docs. 13, 32, 45, 50, 52.) For the reasons that follow, the report and recommendation is adopted in part and rejected in part, Defendant's motion to dismiss and/or for summary judgment is granted in part and denied in part, and Plaintiff's motion for summary judgment is denied as moot.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 17, 2019, and is automatically substituted as the defendant in this action. See Fed. R. Civ. P. 25(d).

## STANDARD OF REVIEW

When a party objects to a magistrate judge's report and recommendation, the district court is required to conduct a de novo review of the contested portions of the report and recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *Sample v. Diecks*, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). The district court may accept, reject, or modify the magistrate judge's report and recommendation in whole or in part. 28 U.S.C. § 636(b)(1). The district court may also receive further evidence or recommit the matter to the magistrate judge with further instructions. *Id.* "Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Weidman v. Colvin*, 164 F. Supp. 3d 650, 653 (M.D. Pa. 2015) (citing *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000)).

De novo review is not required where a party raises only general objections to a report and recommendation. *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir. 1984). "To obtain de novo determination of a magistrate's findings by a district court, 28 U.S.C. § 636(b)(1) requires both timely and specific objections to the report." *Id.* at 6.

## MOTION TO DISMISS STANDARD

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556).  "Conclusory allegations of liability are insufficient" to survive a motion to dismiss.  *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79).  To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012).

## SUMMARY JUDGMENT STANDARD

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A dispute of fact is material if resolution of the dispute "might affect the outcome of the suit under the governing law."

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.*  "'A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case.'" *Thomas v. Tice*, 943 F.3d 145, 149 (3d Cir. 2019) (quoting *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor.  *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)).  The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249.  Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).  The non-moving party must then

oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### PROCEDURAL HISTORY

Plaintiff Charles Bridges ("Bridges") initiated this case by filing a complaint against the Commissioner of Social Security ("Defendant") on December 12, 2017. (Doc. 1.) Bridges then filed an amended complaint on August 27, 2018. (Doc. 9.) The amended complaint raises six counts for relief. In Count I, Bridges alleges he was passed over for a position as a Chief Administrative Law Judge with the

agency because he is African American.  (*Id.* ¶¶ 52–54.)  In Count II, Bridges alleges that a change in position description implemented by the agency violates the substantive rulemaking provisions of the Administrative Procedures Act ("APA").  (*Id.* ¶¶ 55–62.)  In Count III, Bridges alleges that the agency's supervision of ALJs violates the Appointments Clause of the United States Constitution under the Supreme Court's holding in *Lucia v. SEC*, 585 U.S. __, 138 S. Ct. 2044 (2018).  (*Id.* ¶¶ 63–68.)  In Count IV, Bridges alleges that the agency's practice of conducting "focused reviews" of ALJs violates the APA.  (*Id.* ¶¶ 69–73.)  In Count V, Bridges alleges that the agency improperly applied the change in position description and focused review to him retroactively.  (*Id.* ¶¶ 74–80.)  In Count VI, Bridges alleges that the agency subjected him to focused reviews in retaliation for a lawsuit that he previously filed against the agency.  (*Id.* ¶¶ 81–85.)

On November 9, 2018, Defendant moved to dismiss the amended complaint, or, in the alternative, moved for summary judgment.  (Doc. 13.)  Defendant argues that he should be granted judgment on Bridges's APA claims because the Civil Service Reform Act ("CSRA") provides the exclusive means for administrative and judicial review of federal government personnel matters.  (Doc. 20 at 14–18.)  In the alternative, Defendant argues Bridges does not have standing to bring his APA claims.  (*Id.* at 18–20.)  Defendant then argues that Bridges's discrimination, retaliation, and Appointments Clause claims should be dismissed for failure to

state a claim upon which relief can be granted. (Doc. 20 at 20–28, 31–32.) Defendant additionally argues that he should be granted summary judgment as to Bridges's retaliation claim because Bridges failed to exhaust his administrative remedies as to that claim prior to bringing suit. (Doc. 20 at 28–31.)

Bridges moved for summary judgment as to his APA and Appointments Clause claims on March 11, 2019. (Docs. 32, 34.) Judge Saporito issued a report and recommendation addressing both parties' motions on September 4, 2019 (Doc. 45.) The case was then reassigned from United States District Judge Yvette Kane to the undersigned to act as the presiding judge on November 20, 2019.

In his report and recommendation, Judge Saporito first analyzes Defendant's argument that the CSRA precludes the court's exercise of jurisdiction over Bridges's APA claims. Judge Saporito concludes that the court may not exercise jurisdiction over Counts II and IV because they raise purely statutory claims under the APA, but that the court may exercise jurisdiction over Count V because it raises a constitutional challenge to the retroactive application of an administrative rule. (Doc. 45 at 12–18.) After concluding that the court may hear Count V, however, Judge Saporito concludes that the claim should be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 19–25.)

Turning to Bridges's other claims, Judge Saporito recommends dismissing the Appointments Clause claim because the Supreme Court's decision in *Lucia* is

inapposite to the present case. (Doc. 45 at 25–28.) Judge Saporito then recommends denying the motion to dismiss Bridges's race discrimination claim, finding that Bridges has pleaded sufficient facts to state a claim upon which relief may be granted. (*Id.* at 28–31.) As for Bridges's retaliation claim, Judge Saporito concludes that exhaustion of that claim was not required because it arose from the same facts as his properly exhausted claim in his prior litigation. (*Id.* at 31–32.) Finally, Judge Saporito concludes that Bridges pleads sufficient facts to state a retaliation claim upon which relief can be granted and therefore recommends denying Defendant's motion as to that claim. (*Id.* at 32–35.) Both parties have filed objections to Judge Saporito's report and recommendation. (*See* Docs. 50–53.) Those objections are considered below.

## DISCUSSION

### A. Defendant's Objections to the Report and Recommendation Are Overruled in Part and Sustained in Part

Defendant raises two objections to the report and recommendation, objecting to Judge Saporito's recommendations regarding both Bridges's race discrimination claim and his retaliation claim. For the reasons that follow, the court will overrule Defendant's objection regarding the race discrimination claim but sustain Defendant's objection regarding the retaliation claim.

Defendant's first objection arises from his argument that he is entitled to summary judgment because Bridges fails to demonstrate an adverse employment

action with regard to his race discrimination claim. Defendant raised this argument before Judge Saporito, *see* Doc. 20 at 24–26, but the report and recommendation discussed the race discrimination claim solely in the context of a motion to dismiss, recommending that the motion to dismiss the claim be denied because Bridges pleaded facts sufficient to state a race discrimination claim upon which relief could be granted. (*See* Doc. 45 at 28–31). Defendant argues that because his motion was presented alternatively as either a motion to dismiss or a motion for summary judgment, Judge Saporito erred by failing to consider Defendant's summary judgment argument regarding the race discrimination claim. (Doc. 51 at 4–5.)

Defendant's argument is incorrect. When a motion is presented alternatively as either a motion to dismiss or a motion for summary judgment, the district court is not required to consider the motion as a motion for summary judgment. Rather, the decision to convert the motion into a motion for summary judgment is left to the discretion of the district court. *Park v. Sec'y U.S. Dep't of Veterans Affairs*, 594 F. App'x 747, 751 (3d Cir. 2014). Accordingly, Judge Saporito was not required to treat Defendant's motion as a motion for summary judgment, so his decision to analyze Bridges's race discrimination claim solely in the context of a motion to dismiss does not constitute legal error. Moreover, this court has reviewed Bridges's race discrimination claim and agrees with the magistrate judge

that Bridges states a race discrimination claim upon which relief may be granted. This objection is accordingly overruled.

Defendant's second objection arises from the conclusion that Defendant is not entitled to summary judgment for Bridges's failure to exhaust his retaliation claim. (*See* Doc. 45 at 31–32.) The report and recommendation concludes that Bridges was not required to separately exhaust his administrative remedies with regard to his retaliation claim because the focused review that forms the basis of his retaliation claim "falls within the scope of the investigation that arose out of his June 2014 EEOC complaint." (*Id.* at 31.) The report and recommendation bases this conclusion on the Third Circuit's holding in *Waiters v. Parsons*, 729 F.2d 233, 235 (3d Cir. 1984),[2] where the court held that "[a] victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, provided that the victim can still bring suit on the earlier complaint." (*Id.* at 32.)

Defendant argues that this conclusion is erroneous under the Supreme Court's holding in *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002), where the Court held that "discrete discriminatory acts are not actionable if

---

[2] The report and recommendation also cites two cases from other circuits with similar holdings. *See Clockedile v. N.H. Dep't of Corr.*, 245 F.3d 1, 6 (1st Cir. 2001); *Gupta v. E. Tex. State Univ.*, 654 F.2d 411, 414 (5th Cir. 1981).

time barred, even when they are related to acts alleged in timely filed charges." (Doc. 51 at 6.) Defendant argues that the retaliation claim is untimely because Bridges was aware that he had been subjected to a focused review on February 18, 2014, and therefore needed to bring an EEOC claim no later than April 5, 2014. (*Id.* at 6–7.) Whether the retaliation claim is related to the claims Bridges exhausted in 2014 is, according to Defendant, immaterial under *Morgan*. (*Id.* at 7.) Defendant additionally argues that the Third Circuit's *Waiters* holding is inapposite in the present case because that case concerned a retaliatory act that occurred after the timely filed EEOC charge, while this case concerns an allegedly retaliatory act that occurred *before* the EEOC charge to which it is purportedly related. (*Id.* at 7 n.4.)

    The court will sustain this objection. To begin with, Defendant is correct that *Waiters* is inapposite because the retaliatory action Bridges complains about occurred before he filed his 2014 EEOC complaint. In *Waiters*, the Third Circuit held that "[a] victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, provided that the victim can still bring suit on the earlier complaint." *Waiters*, 729 F.2d at 235. In reaching that holding, the court reasoned that the goals of the administrative exhaustion requirement would not be advanced by requiring a

plaintiff to separately exhaust claims for related discriminatory acts that occurred after the plaintiff's EEOC complaint. *See id.* at 237 ("Where discriminatory actions continue after the filing of an EEOC complaint, however, the purposes of the statutory scheme are not furthered by requiring the victim to file additional EEOC complaints and re-starting the 180 day waiting period."). The *Waiters* holding was therefore limited to related claims that occur *after* a properly filed EEOC charge. *See, e.g.*, *Antol v. Perry*, 82 F.3d 1291, 1295 (3d Cir. 1996) ("At issue [in *Waiters*] was whether Waiters' suit in federal court, alleging a retaliatory firing for filing previous complaints with the EEOC, was fairly within the earlier EEOC complaint charging retaliation."); *Sarin v. Poojan, Inc.*, No. 3:08-CV-01077, 2010 WL 2635797, at *7 (M.D. Pa. Apr. 30, 2010) (distinguishing case from *Waiters* because "[u]nlike in *Waiters,* in which the plaintiff's suit was based on acts of the defendant that followed the filling of the original EEOC charge, the wage-discrimination claim that the plaintiff seeks to bring in federal court is based on acts already known and ongoing at the time that the PHRC charge was filed"). That is not the case here: Bridges was aware that he had been the subject of a focused review on February 19, 2014, if not earlier, and his EEOC charge was filed on June 23, 2014. (*See* Doc. 20-2 at 20; Doc. 21 ¶ 5.) Accordingly, *Waiters* does not apply in this case because the discriminatory act Bridges complains about occurred before his 2014 EEOC complaint.

Because *Waiters* is inapposite, Bridges was required to separately exhaust his administrative remedies with regard to his retaliation claim. The record makes clear, however, that he did not file a separate EEOC complaint with regard to that claim. Moreover, whether Bridges's unexhausted claim is related to the EEOC complaint Bridges brought in June 2014 is irrelevant. Under *Morgan*, "[d]iscrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges."[3] *Morgan*, 536 U.S. at 113. Accordingly, the court will sustain Defendant's objection and grant summary judgment to Defendant on Bridges's retaliation claim.

### B. Bridges's Objections Are Overruled

The court turns now to Bridges's seven objections to the report and recommendation. For the reasons that follow, the objections are overruled.

Bridges's first objection argues generally that Judge Saporito incorrectly applied the standard of review applicable to motions to dismiss because "[i]n

---

[3] As an aside, the court notes that there is an apparent tension between the holdings in *Waiters* and *Morgan*. In *Waiters*, the Third Circuit held that "[a] victim of discrimination is not required to exhaust administrative remedies with respect to a claim concerning an incident which falls within the scope of a prior EEOC complaint or the investigation which arose out of it, provided that the victim can still bring suit on the earlier complaint." *Waiters*, 729 F.3d at 235. It is difficult to reconcile this holding with the Supreme Court's later holding in *Morgan* that "discrete discriminatory acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges." *Morgan*, 536 U.S. at 113. Because *Waiters* is inapplicable to the facts of this case, the court does not have any reason to analyze whether the *Waiters* holding survives the Supreme Court's holding in *Morgan*, but the court notes that guidance from the Third Circuit would be helpful as to the question of whether *Morgan* abrogated *Waiters*.

several instances, the RR makes factual assumptions, several of which are unsupported, or mere conjecture on the part of the Magistrate Judge, and fails to assume the veracity of Bridges's well-pled facts." (Doc. 53 at 12.) Bridges, apparently not appreciating the irony of his argument, does not offer any support for this assertion. Accordingly, the court has reviewed the report and recommendation only for clear error related to this objection. *See Goney*, 749 F.2d at 6–7 (holding that de novo review is not required where a party raises only general objections). Finding none, the court will overrule Bridges's first objection.

Bridges's second objection arises from Judge Saporito's conclusion that the court does not have subject matter jurisdiction to consider Bridges's APA claims. (*See* Doc. 45 at 12–18.) In objecting to this conclusion, Bridges renews his argument that jurisdiction in the district court is proper because this is a "mixed case" like the one the Supreme Court considered in *Kloeckner v. Solis*, 568 U.S. 41 (2012). (*See* Doc. 53 at 12–15.)

A mixed case is a case in which a plaintiff both "complains of a personnel action serious enough to appeal to the [Merit Systems Protection Board ("MSPB")] *and* alleges that the action was based on discrimination." *Kloeckner*, 568 U.S. at 44 (emphasis in original). When such a mixed case is filed, a district court may properly exercise jurisdiction. *Id.* at 45. In *Kloeckner*, the Supreme Court noted that a case is serious enough to appeal to the MSPB when it presents one of the

claims enumerated in 5 U.S.C. § 7512. *Id.* at 44 n.1. Thus, a complaint only presents a mixed case when it alleges a removal, a suspension for more than 14 days, a reduction in grade, a reduction in pay, or a furlough. *Id.* (citing § 7512).

In this case, Judge Saporito rejected Bridges's argument that his claims present a mixed case "because none of the personnel actions he challenges were appealable to the MSPB—he challenges only 'less serious action[s] as discriminatory . . . which do not qualify for 'mixed case' treatment under § 7702." (Doc. 45 at 18. (quoting *Kloeckner*, 568 U.S. at 44).) This court agrees with Judge Saporito's conclusion that Bridges does not present a claim serious enough to appeal to the MSPB. *See Kloeckner*, 568 U.S. at 44 n.1. Accordingly, Bridges's second objection is overruled because Bridges's amended complaint does not present a mixed case.

Bridges's third and fourth objections assert that Judge Saporito erred by failing to consider two recent Third Circuit decisions, *Komis v. Sec'y of U.S. Dep't of Labor*, 918 F.3d 289 (3d Cir. 2019), and *Pennsylvania v. President of U.S.*, 930 F.3d 543 (3d Cir. 2019). Bridges argues that these cases support the exercise of jurisdiction over his APA claims. (Doc. 53 at 15–16.) As Defendant notes, however, neither one of these cases says anything about when a federal court can exercise jurisdiction over a federal employee's APA claims. (Doc. 54 at 5–6.) In *Komis*, the Third Circuit considered whether a federal employee could bring a

retaliation claim under Title VII. *See Komis*, 918 F.3d at 289. In analyzing that question, the court did not say anything about the APA. *Id.* In *Pennsylvania*, the Third Circuit considered a claim by the Commonwealth of Pennsylvania that certain administrative rules passed under the Affordable Care Act violated the APA. *See Pennsylvania*, 930 F.3d at 543. As part of its analysis, the court considered whether a state government had standing to sue the federal government for violations of the APA. *Id.* at 561–65. Nowhere in its opinion, however, did the court consider the question of a federal court's jurisdiction over a federal employee's APA claims. *See generally id.* Accordingly, since *Komis* and *Pennsylvania* are inapposite to the present case, the court will overrule Bridges's third and fourth objections.

Bridges's fifth objection is a general objection that Judge Saporito should have considered the MSPB's decision in *Watson v. Dept' of Transp.*, 49 M.S.P.R. 509 (MSPB 1991). In raising this objection, Bridges notes that he "would rely on the distinction between cases that hold that an agency lacks authority to address the constitutionality of a statute under which it has been delegated Congressional authority to administer, versus an allegation/claim that does not involve the constitutionality of a statute, but concerns the reasonableness of the Agency's policies in light thereof." (Doc. 53 at 17.) Although the substance of this objection is difficult to parse, the court has nonetheless reviewed the report and

recommendation in light of *Watson* and concludes that *Watson* does not provide a basis to reject the report and recommendation. This objection is accordingly overruled.

Bridges's sixth objection pertains to the recommendation that Count V of Bridges's amended complaint be dismissed for failure to state a claim upon which relief can be granted. (*Id.* at 18–19.) In concluding that Count V does not state a claim upon which relief can be granted, Judge Saporito notes that Bridges's claim in Count V is based on an alleged link between the change in position description and the practice of focused reviews, but finds that Bridges alleges no facts to establish such a link. (Doc. 45 at 21–22.) Judge Saporito further notes that the existence of a link between the change in position description and focused reviews is directly contradicted by Bridges's allegation that he was subjected to focused reviews prior to the change in position description. (*Id.* at 22.) Finally, Judge Saporito notes that the agency's Hearings, Appeals and Litigation Law Manual ("HALLEX") indicates that the change in position description was not the cause of the agency conducting focused reviews. (*Id.* at 22–24.)

Bridges argues that Judge Saporito erred in recommending the dismissal of Count V because the "rejection of retroactive allegations based on a failure of the change in position description to reference the policy is legal error." (Doc. 53 at 18–19.) Bridges argues that Judge Saporito "misapprehends the significance of the

17

association between the change in position description and the focused review," noting that the change in position description does not actually mention focused reviews. (*Id.* at 19.) Bridges then argues that his primary claim in Count V is to challenge the practice of focused reviews and that, by recommending dismissal for failure to establish a link between the change in position description and the focused reviews, Judge Saporito "has, in error, placed the burden upon Bridges to support the date when a substantive policy became effective without undergoing the mandatory procedural requirements of the law." (*Id.*)

    Bridges's sixth objection is without merit. Judge Saporito's conclusion that Bridges had not sufficiently alleged a link between the change in position description and the focused reviews was based on the language of the amended complaint, which expressly based the claim on a link between the two. (*See* Doc. 9 ¶ 76 ("The unconstitutional application of the Agency Position Description and the focused review it authorized is a proximate and legal cause of Bridges' non-selection for the position of Hearing Office Chief Administrative Law Judge and he is, thereby, aggrieved.")). Thus, Bridges's objection that Judge Saporito "misapprehends the significance of the association between the change in position description and the focused review" is directly contradicted by his amended complaint.

Moreover, Bridges's objection that Judge Saporito improperly "placed the burden upon Bridges to support the date when a substantive policy became effective" is nonsensical. Bridges's claim in Count V is that focused reviews were improperly applied retroactively. The court does not see how a complaint can possibly obtain relief for a retroactivity challenge without alleging the date on which the challenged policy became effective: the effective date is what establishes whether an action is, in fact, retroactive. Accordingly, Bridges's sixth objection is overruled.

Finally, Bridges's seventh objection simply restates his argument that agency employees who conducted focused reviews were not properly appointed under *Lucia*, but does not make any argument as to why Judge Saporito erred in dismissing the *Lucia* claim beyond the conclusory statement that the report and recommendation "commits an error of law in summarily dismissing" the claim. (Doc. 53 at 20.) Because this objection does not raise specific objections to the report and recommendation, the court has reviewed Judge Saporito's recommendation to dismiss the *Lucia* claim for clear error. *See Goney*, 749 F.2d at 6–7. Finding none, the court will overrule Bridges's seventh objection.

## CONCLUSION

For the foregoing reasons, the report and recommendation is adopted in part and rejected in part, Defendant's motion to dismiss and/or for summary judgment

is granted in part and denied in part, and Plaintiff's motion for summary judgment is denied as moot. An appropriate order follows.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: May 26, 2020