# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARLES BRIDGES, | : | |
| | : | No. 1:17-cv-02285 |
| Plaintiff, | : | |
| | : | |
| v. | : | (WILSON, J.) |
| | : | (SAPORITO, M.J.) |
| COMMISSIONER ANDREW | : | |
| SAUL, UNITED STATES | : | |
| SOCIAL SECURITY | : | |
| ADMINISTRATION[1], | : | |
| | : | |
| Defendant. | : | |

## MEMORANDUM

This is a race discrimination case which is before us on the plaintiff's motion to compel complete responses to interrogatories. (Doc. 78).

## I. *Statement of Facts*

We incorporate by reference the recitation of the facts in our Report and Recommendation dated September 4, 2019 (Doc. 45), which was

---

[1] At the time of the filing, the Acting Commissioner was Nancy A. Berryhill, who was recently succeeded by a Senate-confirmed Commissioner, Andrew Saul. By virtue of Rule 24(d) of the Federal Rules of Civil Procedure, Saul has been automatically substituted as defendant in place of former Berryhill, the originally named defendant.

adopted in part and rejected in part. (Doc. 55). The only remaining claim left is the plaintiff's race discrimination count.

Bridges claims that he was discriminated against on the basis of race when the agency selected three less qualified candidates—two white males and an African-American female—for the three HOCALJ positions, in violation of Title VII.

To establish a prima facie case of employment discrimination on the basis of race, a plaintiff ultimately must show that: "(1) the plaintiff belongs to a protected class; (2) he/she was qualified for the position; (3) he/she was subject to an adverse employment action despite being qualified; and (4) under circumstances that raise an inference of discriminatory action, the employer continued to seek out individuals with qualifications similar to the plaintiff's to fill the position." *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

## II. *Legal Standards*

The federal courts have broad discretion to manage discovery, *Sempier v. Johnson & Higgins,* 45 F.3d 724, 734 (3d Cir. 1995), and the federal rules have long permitted broad and liberal discovery.

2

*Macy's,* 193 F.3d 766, 777 (3d Cir. 1999). Pursuant to Rule 26(b)(1), parties may obtain discovery regarding "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Further, the federal rules' relevancy requirement is to be construed broadly, and material is relevant if it bears on, or reasonably could bear on, an issue that is or may be involved in the litigation. *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 350 (1978).

> Rule 26 establishes a liberal discovery policy. Discovery is generally permitted of any items that are relevant or may lead to the discovery of relevant information. Moreover, discovery need not be confined to items of admissible evidence but may encompass that which appears reasonably calculated to lead to the discovery of admissible evidence.

*Clemens v. N.Y. Cent. Mut. Fire Ins. Co.*, 300 F.R.D. 225, 226 (M.D. Pa. 2014) (citations omitted). When the Court is presented with a motion to compel discovery,

> [t]he burden is on the objecting party to demonstrate in specific terms why a discovery request is improper. The party objecting to discovery must show that the requested materials do not fall within the broad scope of relevance or else are of such marginal relevance that the potential harm occasioned by discovery would outweigh

the ordinary presumption in favor of broad disclosure.

*Id.* at 227 (citations, internal quotation marks, and alterations omitted).

## III. *Discussion*

In his motion to compel, Bridges asserts two categories of deficiencies: (1) the defendant's position that the Equal Employment Opportunity Commission (EEOC) Report of Investigation (ROI) issued in this matter obviates his obligation to respond to interrogatories is erroneous; and (2) the defendant erroneously engaged in a determination of relevancy on the questions of the "focused review" process. The defendant contends that he has appropriately responded to the written discovery requests served upon it.

Counsel for the parties tried to resolve the disputed discovery items, but were unable to settle all the disputed items. We will address each of the objections raised by the defendant in the interrogatories separately. Any interrogatory requiring an answer by the defendant shall be made within seven (7) days of the date of this memorandum.

**Interrogatory No. 2.** The defendant has filed a supplemental answer to Interrogatory No. 2. (Doc. 80-6). We find that this interrogatory has been sufficiently answered. Therefore, the objection is

deemed moot.

**Interrogatory No. 6.** The objection to Interrogatory No. 6 is overruled, and the plaintiff's motion to compel is granted. The defendant shall produce any and all records reflecting the term "docket management" in relation to the three candidates, Judge Barry Jenkins, Judge Jack Penca, and Judge Ann W. Chain. The defendant's representation in his brief that the SSA has not located any records identifying those three individuals as "having significant deficiencies with their overall 'docket management'" is a matter of interpretation. (Doc. 80, at 6). The plaintiff should not be required to accept the defendant's interpretation, but rather, he should have the opportunity to make his own interpretation upon review of the records.

**Interrogatory No. 8.** The objection to Interrogatory No. 8 is overruled. The defendant has filed a supplemental answer to Interrogatory No. 8 which we find answers this interrogatory in part. The defendant is directed to specifically identify all of the facts he relies upon that are contained in the Jasper Bede affidavit. (Doc. 80-5).

**Interrogatory No. 9.** The objection to Interrogatory No. 9 is sustained. This court dismissed Bridges's claim seeking a declaration

that focused reviews are unlawful.

**Interrogatory No. 11.** The objection to Interrogatory No. 11 is sustained. We find that this interrogatory has been sufficiently answered.

**Interrogatory No. 12.** The objection to interrogatory No. 12 is sustained. The interrogatory seeks information about a civil action in which the plaintiff unsuccessfully litigated in the United States District Court for the Eastern District of Pennsylvania. The information requested should be in the plaintiff's possession.

**Interrogatory No. 13.** The objection to Interrogatory No. 13 is sustained. The interrogatory seeks information unrelated to the plaintiff's remaining race discrimination claim.

**Interrogatory No. 14**. The objection to interrogatory No. 14 is overruled. The information sought in this interrogatory is relevant to the plaintiff's remaining claim.

**Interrogatory No. 15.** The objection to Interrogatory No. 15 is sustained in part and overruled in part. The objection is sustained to the extent that it seeks all email exchanges on the SSA's servers between Theodore Burock and Jasper Bede for the years 2010-2015. It is

overruled to the extent that it seeks email exchanges between those individuals for the years 2010-2015 limited to emails pertaining to or referencing the plaintiff and the three individuals who were not selected as HOCALJ.

**Interrogatory No. 16.** The objection to Interrogatory No. 16 is overruled. The information sought in this interrogatory is relevant to the plaintiff's remaining claim.

**Interrogatory No. 18**. The defendant did not object to Interrogatory No. 18. Therefore, no further response by the defendant is required.

**Interrogatory No. 19**. The objection to Interrogatory No. 19 is overruled. The information sought in this interrogatory is relevant to plaintiff's remaining claim.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
U.S. Magistrate Judge

Dated: May 19, 2021