UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

CHARLES BRIDGES,

    Plaintiff,

v.

COMMISSIONER ANDREW
SAUL, UNITED STATES
SOCIAL SECURITY
ADMINISTRATION,[1]

    Defendant.

No. 1:17-cv-02285

(WILSON, J.)
(SAPORITO, M.J.)

# MEMORANDUM

This race discrimination case is before us on the plaintiff's motion to amend the complaint. (Doc. 69).

## I. *Statement of Facts*

As we write solely for the parties, we incorporate by reference the recitation of the facts in our Report and Recommendation dated September 4, 2019 (Doc. 45), which was adopted in part and rejected in

---

[1] At the time of the filing, the Acting Commissioner was Nancy A. Berryhill, who was recently succeeded by a Senate-confirmed Commissioner, Andrew Saul. By virtue of Rule 24(d) of the Federal Rules of Civil Procedure, Saul has been automatically substituted as defendant in place of former Berryhill, the originally named defendant.

part. (Doc. 55). The only remaining claim is the plaintiff's race discrimination count. In his memorandum of law in support of his motion to amend the complaint, Bridges bases his motion to amend upon several interrogatories which he propounded upon the defendant and which became the basis of a motion to compel discovery. (Doc. 67; Doc. 78). We recently ruled upon the plaintiff's motion to compel. (Doc. 94; Doc. 95).

In his proposed second amended complaint (Doc. 69-1), Bridges seeks to add a count of retaliation on the basis that his non-selection as HOCALJ in three locations constituted unlawful retaliatory and racially based animus against him by Jasper J. Bede in violation of Title VII. In addition, he proposes a separate count alleging that the "focused review" policy was applied to him in an illegal, racially discriminatory, and/or an arbitrary and capricious manner, based on racially motivated animus.

In response, the defendant contends that Bridges is attempting to add a claim regarding the focused review process which this court previously dismissed. (Doc. 45, at 25-27; Doc. 55, at 13-20). Regarding the proposed retaliation count, the defendant argues that this count, as pled, is deficient because it fails to allege any facts showing a causal link between the protected activity and Bridges not being selected as

2

HOCAL J.

## II. Legal Standard

Federal Rule of Civil Procedure 15(a) sets out the standard for granting leave to amend a pleading when, as is the case here, a responsive pleading has been served: "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a). The Rule clearly states that "[t]he court should freely give leave when justice so requires." *Id.* Nonetheless, the policy favoring liberal amendments is not "unbounded." *Dole v. Arco Chem. Co.,* 921 F.2d 484, 487 (3d Cir. 1990). The decision whether to grant or to deny a motion for leave to amend rests within the sound discretion of the district court. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *Waterfront Renaissance Assoc. v. Phila.,* 701 F. Supp. 2d 633, 639 (E.D. Pa. 2010). A district court may deny leave to amend a complaint where "it is apparent from the record that (1) the moving party has demonstrated undue delay, bad faith or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other party." *Lake v. Arnold,* 232 F.3d 360, 373 (3d Cir. 2000) (citing *Foman,* 371 U.S. at 182).

## III. Discussion

In his motion to amend and brief in support, Bridges does not fully articulate his position. He does not apply the criteria recited above to the facts of this case. Similarly, the defendant neither applies the criteria, nor argues that the criteria do not permit the proposed amended complaint. Nevertheless, we will consider the standards which inform us of our decision.

### a. Undue Delay

In the Third Circuit, delay alone does not justify denying a motion to amend. *Veneziale v. Quest Diagnostics*, Civ. Action No. 11-4879, 2013 WL 4551178 at *1 (E.D. Pa. Aug. 28, 2013). Delay becomes 'undue' when it places an unwarranted burden on the court, or prejudicial when it places an unfair burden on the opposing party. *Id.* at *2. The question of undue delay requires the court to focus on the movant's reasons for not amending sooner, "while bearing in mind the liberal pleading philosophy of the federal rules." *Cureton v. Nat'l Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001). Whether delay is undue depends on the facts and circumstances of the case. *Nat'l Recovery Agency, Inc. v. AIG Domestic Claims, Inc.*, No. 05-cv-0033, 2006 WL 1289545 at *4 (M.D. Pa. May 9,

4

2006).

Here, neither party addresses the element of undue delay. The defendant does not maintain that Bridges engaged in bad faith or dilatory motives. As delay alone is an insufficient ground to deny leave to amend, we see no basis to deny the proposed amendment based on undue delay. *Cornell & Co. v. Occupational Safety & Health Review Comm'n*, 573 F.2d 823 (3d Cir. 1978).

### b. Futility

In assessing "futility," the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6). *Shane v. Fauver*, 213 F.3d 113 (3d Cir. 2000). Under this standard, a court must take all the well-pleaded allegations as true and construe the amended pleading in the light most favorable to the non-moving party. *Vallies v. Sky Bank*, 432 F.3d 493, 494 (3d Cir. 2006). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Bank v. City of Philadelphia*, 991 F. Supp. 2d 523, 527 (3d Cir. 2014).

Here, the defendant contends that the proposed second amended

5

complaint asserts a claim based upon the focused review process that was already dismissed by this court. (Doc. 45, at 25-27; Doc. 55, at 13-20). We agree. It is futile for us to engage in an analysis where we will reach the same result. In addition, the defendant argues that the proposed retaliation count is deficient because it fails to properly allege facts regarding the causal connection element. However, the court would be required to undertake the same analysis and arrive at the same conclusion as it did in the retaliation count set forth in the first amended complaint (Doc. 9) which was previously dismissed by the court.

### c. Prejudice

We now turn to the issue of whether the amendment would prejudice the defendant. Substantial or undue prejudice to the non-moving party is a sufficient ground for denial of leave to amend. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (3d Cir. 1993). The issue of prejudice requires that we focus on the hardship to the nonmoving party if the amendment were permitted. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984). The burden is on the nonmoving party to establish prejudice, and the burden is high. *Dole*, 921 F.2d at 488. The nonmoving party has a heavier burden than merely claiming prejudice, it must show that

an unfair disadvantage or deprivation will result by allowing the amendment. *Heyl & Patterson Int'l, Inc. v. F.D. Rich Hous.*, Inc., 663 F.2d 419, 426 (3d Cir.1981). Prejudice has been defined as "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Hesling v. Avon Grove Sch. Dist.*, 428 F. Supp.2d 262, 278 (E D. Pa. 2006); *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir.1996). To establish prejudice, the non-moving party must make a showing that allowing the amended pleading would (1) require the non-moving party to expend significant additional resources to conduct discovery and prepare for trial, (2) significantly delay the resolution of the dispute, or (3) prevent a party from bringing a timely action in another jurisdiction. *See Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004). To successfully oppose a plaintiff's motion, the defendant must "demonstrate that [its] ability to present [its] case would be seriously impaired were amendment allowed." *Dole*, 921 F.2d at 488.

Here, the defendant does not specifically address the prejudice prong of the analysis. Meanwhile, Bridges simply concludes, without analysis, that none of the prejudice considerations are present in this case. However, if we were to permit the amendment, the defendant

would be required to expend additional time and financial resources to defend against claims that were previously dismissed. As we have already found that granting the amendment would be futile as we would reach the same result, we see no need to address the prejudice element.

For all the foregoing reasons, we will deny the motion to amend filed by the plaintiff.

An appropriate order follows.

JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: May 24, 2021